**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1743**

J.W., by and through his father and next friend Eugene Wikle,

                Plaintiff - Appellant,

        v.

CORPORAL CARRIER; ANNE ARUNDEL COUNTY BOARD OF EDUCATION; ANNE ARUNDEL COUNTY; RAMONE JARVIS; DARCEL PARKER; KYLE MCKNETT,

                Defendants - Appellees,

        and

ARUNDEL MIDDLE SCHOOL; ANNE ARUNDEL COUNTY POLICE DEPARTMENT,

                Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Marvin J. Garbis, Senior District Judge. (1:13-cv-02386-MJG)

Submitted:  March 28, 2016          Decided:  April 19, 2016

Before NIEMEYER and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Hopkins, Mount Rainier, Maryland, for Appellant. Nancy McCutchan Duden, County Attorney, Hamilton F. Tyler, Deputy County Attorney, Annapolis, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

J.W., by and through his father and next friend Eugene Wikle, appeals the district court's orders granting summary judgment to Defendants and denying reconsideration. J.W. argues that summary judgment was inappropriate because genuine issues of material fact exist as to whether Corporal Carrier's use of force was reasonable. We affirm.

We "review[] de novo the district court's order granting summary judgment." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

"A 'claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or

3

other seizure of a person' is 'properly analyzed under the Fourth Amendment's objective reasonableness standard.'" Estate of Armstrong ex rel. Armstrong v. Vill. of Pinehurst, 810 F.3d 892, 899 (4th Cir. 2016) (quoting Graham v. Connor, 490 U.S. 386, 388 (1989) (alteration and internal quotation marks omitted)). "Evaluating the reasonableness of the officer's actions 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" Smith v. Ray, 781 F.3d 95, 101 (4th Cir. 2015) (quoting Graham, 490 U.S. at 397). We look to three factors when making this determination: "[f]irst, . . . the severity of the [conduct] at issue; second, . . . the extent to which the suspect poses an immediate threat to the safety of the officer[] or others; and third, . . . whether [the suspect] is actively resisting" the officer's attempts. Armstrong, 810 F.3d at 899 (internal quotation marks omitted). "[T]he question is whether the officer['s] actions are objectively reasonable in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." Graham, 490 U.S. at 397 (internal quotation marks omitted).

We conclude that Corporal Carrier's use of force in lifting J.W.'s arm was objectively reasonable. Immediately prior to placing J.W. in handcuffs, Carrier heard J.W. threaten to harm

4

himself and saw J.W. tip over a desk near a teacher. J.W. resisted the initial handcuffing and continued to resist Carrier once in handcuffs; J.W. tried to pull his hands from the handcuffs and kicked Carrier in the thigh. It was only at that point that Carrier lifted J.W.'s arm, resulting in injury to J.W.

While "the government has little interest in using force to effect [a] seizure" justified by preventing harm to the subject of the seizure, Armstrong, 810 F.3d at 901, at the time Carrier lifted J.W.'s arm, Carrier could have reasonably believed that J.W. posed a threat to both himself and others. Moreover, J.W. was actively resisting the seizure at the time Carrier lifted up J.W.'s arm. We therefore conclude that Carrier's use of force was objectively reasonable.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5